DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2017-26 |
| ) | |
| WAHILLI JAMES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**Anna Alexandrovna Vlasova, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
   *For Wahilli James.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Wahilli James ("James") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including October 1, 2017.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension of time is

necessary to provide James with additional time to explore plea negotiations. Second, the defendant made this request with the advice and consent of counsel. Finally, without an extension, the parties would be denied reasonable time necessary to adequately prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071(1983)(no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992)("district court did not abuse its discretion [by delaying trial] to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through October 1, 2017, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez**
**District Judge**